## Case No. 1,901.

### The BRITISH EMPIRE.

[Blatchf. Pr. Cas. 245.][1]

District Court, S. D. New York. Oct. Term, 1862.

PRIZE—ATTEMPT TO VIOLATE BLOCKADE.

Vessel and cargo condemned for an attempt to violate the blockade.

[In admiralty. Proceeding to condemn the schooner British Empire and cargo as prize for attempting to violate the blockade. Decree of forfeiture entered.]

BETTS, District Judge. This vessel and cargo were captured April 3, 1862, in Matanzas inlet, off St. Augustine, Florida, by the United States vessel-of-war Isaac Smith. Part of the cargo was appraised and appropriated to the use of the United States, to the value of $3,510.73, and the residue was sent to this port for adjudication. On the return of the monition, the district attorney moved for and took a decree for the libellants, by default, no person intervening in the suit in behalf of the prize property. The certificate of British registry shows that the vessel was built at Wilmington, Delaware, in 1855, and was registered at Nassau, N. B., October 19, 1861, to Thomas Lloyd, of that place. A shipping agreement for a voyage from Nassau to St. John, N. B., was found on board, executed by two seamen March 22, 1862; also an invoice of merchandise, dated Nassau, March 24, 1862, from Henry Adderly & Co., for St. John, N. B., on account and at the risk of J. B. Parsons, consigned to W. R. Wright, consisting of provisions, medicines, whiskey, and miscellaneous articles of merchandise; also a clearance from Nassau to St. John, N. B., March 22, 1862. No bill of sale is shown to have been given on the transfer of the vessel at Nassau.

Upon evidence that the members of the crew captured with the prize had subsequently escaped from the custody of the United States, and could not be produced in this district for examination before the prize commissioners, the court, on the application of the district attorney, allowed Lieutenant Nickolson, of the United States navy, to be examined on the standing interrogatories as a witness in the suit. This wit-

---

[2] [M'Donough v. Dannery, 3 Dall. (3 U. S.) 188.]

[1] [Reported by Samuel Blatchford, Esq.]

ness was present at the capture of the prize, which was made at Matanzas inlet, sixteen or eighteen miles south of St. Augustine, in Florida. The vessel was commanded by Captain Parsons, a citizen of the United States, resident in Florida, who was appointed master of the vessel by her American owner, Willie, who also resided in Florida. Four of the crew were Americans, from Jacksonville, Florida, and two were Englishmen, shipped at Nassau. The vessel had no chart for any port north of Charleston, and had an insufficient supply of water for a voyage to St. John, N. B. Her outward voyage began at Jacksonville, with a cargo of turpentine, rosin and lumber. She had been to Nassau, N. B. A portion of her return cargo, consisting of powder, was, upon her capture, discharged at Matanzas inlet, on the coast of Florida, and was there buried. Her last clearance was from Nassau. The master knew of the war, and of the blockade of the coast of Florida. The vessel, before her seizure, ran the blockade out of St. John's river, and forced her way back again to the place of capture. Two days after her capture she sank at her anchorage. Most of the facts testified to by Nickolson which were out of his presence or view were stated to him by the master and crew of the prize whilst she and they were in his custody.

The proofs from the vessel's papers, her fitment, and the surrounding circumstances, conduced to show that she was despatched with a lading adapted to a traffic with enemy ports, such as, from a series of notorious transactions during the war, established by legal evidence in the prize courts of this country, and shown from the course of trade carried on between the port of Nassau and the rebel ports, of the southern states. has been actively pursued since the existing blockades of the latter ports were known and enforced, and amount, in my judgment, to adequate evidence that this enterprise was entered into for the purpose of accomplishing (what the vessel was detected in doing) the evasion and violation of the blockade of the coast of Florida; and the circumstantial proofs conducing to that end justly demand the condemnation and forfeiture of the vessel and cargo engaged therein. In addition to that, there is the proof that she transported, on this voyage from Nassau to Florida, articles contraband of war. For the considerations suggested, independently of the confessions of the master and crew of the prize vessel, ample cause is shown for the decree which is ordered to be entered for the forfeiture, as prize, of both vessel and cargo.